UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT EARL DAVIS,<br>Defendant. | Case No. 23-cr-00231-AMO-1<br><br>**PRETRIAL ORDER** |

The Court issues this pretrial order with instructions for the parties' forthcoming pretrial filings and deadlines for additional trial-related submissions. This order does not modify the existing deadlines previously set by the Court. Should the parties require more time to prepare their submissions in light of the instructions set forth in this order, they may, either by stipulation or administrative motion, seek a modest extension of the existing deadlines (with the exception of the deadlines concerning expert disclosures) after meeting and conferring. Any stipulation or administrative motion must be filed by no later than **December 3, 2024**.

**I.   TRIAL DATE**

Trial is set for **February 10, 2025**, beginning at 8:30 a.m., in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California. The Court is expecting the length of trial to not exceed 6 days, including jury selection.

**II.   PRETRIAL DEADLINES**

- Expert Disclosures: October 29, 2024
- Rebuttal Expert Disclosures: November 29, 2024
- Service of Motions in Limine: December 5, 2024
- Exchange of Exhibit Lists: December 5, 2024

- Service of Oppositions to Motions in Limine:  December 12, 2024
- Filing of Motions in Limine:  December 13, 2024
- Stipulations of Fact Submission:  December 20, 2024
- Exhibit List Submission:  December 20, 2024
- Witness List Submission:  December 20, 2024
- Proposed Voir Dire Submission:  December 20, 2024
- Proposed Jury Instructions Submission:  December 20, 2024
- Proposed Verdict Form Submission:  December 20, 2024
- Government Trial Brief Submission:  December 20, 2024
- Defense Trial Brief Submission (optional):  December 20, 2024
- Joint Preference Conference Statement Submission:  January 2, 2025
- Final Pretrial Conference:  January 9, 2025

### III.    JURY QUESTIONNAIRE

The Court intends to utilize an electronic written jury questionnaire.  The standard questionnaire available on the Northern District's website at https://www.cand.uscourts.gov/wp-content/uploads/attorneys/Internet-version_Standard-CAND-Trial_SurveyMonkey_3-2022.pdf.  The Court may add an additional 10 case specific questions.  The parties shall meet and confer, and to the extent possible, file a joint list of proposed questions to add to the questionnaire by **January 13, 2025**.  To the extent the parties cannot agree, they may submit separate proposed questions from which the Court will choose up to 10.  The Court will provide the parties with the survey responses by the Friday before trial.

### IV.    PRETRIAL CONFERENCE

A Pretrial Conference is set for **January 9, 2025,** at 11:00 a.m., in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California.

The parties shall follow the requirements of Crim. L.R. 17.1-1, as supplemented below: <u>The government and, to the extent consistent with the defendant's right to an effective defense, the defendant shall do the following in accordance with the deadlines set forth in Section II</u>:

(i) Serve and file a trial memorandum that briefly states the legal bases for the charges and

2

the anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues;

    (ii) Serve and file a witness list that includes a brief summary of the testimony of each witness; and

    (iii) Serve and file exhibit lists and serve copies of all marked exhibits on all parties, as discussed in Section 6, below.

    (iv) Meet and confer, by no later than **December 20, 2024**, and be prepared to discuss with the Court at the Pretrial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

**V.   JURY INSTRUCTIONS**

    a.   <u>Joint Set of Instructions</u>.  The parties shall jointly prepare a set of jury instructions, and shall file the proposed instructions by **December 20, 2024**.  The parties shall also email a Word version of the proposed jury instructions to amopo@cand.uscourts.gov.  The submission shall contain both agreed-upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury.  When contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition.

    b.   <u>Substance and Format of Instructions</u>. The instructions shall cover all substantive issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions.  Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included.  Instructions shall be brief, clear, written in plain English, and free of argument.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

    c.   <u>Preliminary Statement and Instructions</u>.  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and file the text of the proposed preliminary statement and/or preliminary instructions by no later than **December 20, 2024**.

3

## VI. EXHIBITS

a. <u>Provide Copies of Exhibits to Other Parties</u>.  The government and, to the extent consistent with the defendant's right to an effective defense, the defendant shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits, by no later than **December 20, 2024**.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be pre-marked with a trial exhibit sticker ("Trial Exhibit No.__") label; defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers.   If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits that have not been provided as required are subject to exclusion.

b. <u>Stipulations re Admissibility</u>.  By no later than **December 20, 2024**, the parties shall make a good faith effort to stipulate to exhibits' admissibility.  If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate objection.

c. <u>Objections to Exhibits</u>. In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the Pretrial Conference.   Each party shall file a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party by no later than **December 20, 2024**.

d. <u>Provide Copies of Exhibits to Court</u>.  One set of exhibits shall be provided to the Court, by delivery to the Clerk's Office, at least seven days in advance of the Pretrial Conference, in binders, marked, tabbed, and indexed in accordance with Local Rule 16-10(b)(7).  Exhibits shall be identified as follows:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
           Deputy Clerk
```

4

Counsel preferably will create the tag in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should complete the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original." Deposit the exhibits with the deputy clerk at least seven (7) days before the Pretrial Conference.

  e. <u>Witness Binders</u>. If all of the exhibits in a case do not fit in one binder, then the parties shall prepare a witness binder for each witness that will testify regarding three or more exhibits.

  f. <u>Disposition of Exhibits after Trial</u>. Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

## VII. OTHER PRETRIAL MATTERS

  a. <u>Status Conferences</u>. Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov. The party requesting the conference shall provide to opposing counsel, and subsequently to Ms. Solorzano-Rodriguez, notice of the issue they wish to discuss. The email to Ms. Solorzano-Rodriguez shall also briefly describe when opposing counsel was given notice and any efforts made to resolve the issue between the parties.

  b. <u>Daily Transcripts</u>. Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Kristen Melen, Court Reporter Supervisor, at 415-522-2079 or Kristen_Melen@cand.uscourts.gov, at least 7 calendar days prior to the trial date.

  8. <u>Trial Matters</u>

  a. The normal trial schedule will be from 8:30 a.m. to 2:00 p.m. (or slightly longer to finish a witness) with two 15 minute breaks and a 45 minute lunch break, but the parties are

1  encouraged to discuss a different trial schedule at the Pretrial Conference if they deem appropriate.

2      b.   Parties must meet and confer to exchange any visuals, graphics or exhibits to be
3  used in opening statements.  Unless otherwise agreed, the exchange must occur no later than
4  Wednesday before the trial.  Any objections not resolved must be filed in writing by Thursday
5  before trial.  The parties shall be available by video Friday before trial to discuss the issue raised
6  with the Court.

7      c.   The parties shall disclose the witnesses whom they will call at trial on any given
8  day by at least 2:00 p.m. the court day before their testimony is expected.  Failure to have a
9  witness ready to proceed at trial will usually constitute resting.

10     d.   Other than a party or party representative, fact witnesses are excluded from the
11 courtroom until they are called to testify and may not attend in the gallery until their testimony is
12 complete.

13     e.   The Court does not typically allow bench conferences.  If there are matters that
14 need to be raised with the Court outside the presence of the jury, the parties should raise them in
15 the morning before trial or during recess.  The Court is available at 8:15 a.m. on each trial day to
16 address issues that need to be raised outside the presence of the jury.

17 **VIII.   MISCELLANEOUS**

18     a.   Copies.  One copy of the witness and exhibit lists should be furnished to the court
19 reporter.

20     b.   Change of Plea.  Counsel shall give prompt notice to the United States Attorney
21 and to the Court of any intention to change a previously entered not guilty plea.

22 **IT IS SO ORDERED.**

23 Dated: November 26, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**