UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> ROBERT EARL DAVIS, <br><br> Defendant. | Case No. 23-cr-00231-AMO-1 <br><br> **ORDER RE GOVERNMENT'S MOTIONS IN LIMINE** <br><br> Re: Dkt. No. 116 |

Having held a pretrial conference in this matter on January 9, 2025, and heard oral argument on the parties' pending motions in limine, the Court resolves the government's motions in limine as set forth below.

| No. | Topic | Ruling |
|---|---|---|
| 1 | June 2021 firearm purchase and related arrest | The government's motion to admit evidence of a June 2021 gun purchase is **GRANTED IN PART AND DENIED IN PART**. The government may introduce evidence of the June 2021 conduct that occurred in Texas, as it forms part of the charged conduct. Additionally, the government may make limited references to Defendant's interaction with law enforcement. However, because it would be more prejudicial than probative, the government may not introduce evidence of the arrest or any subsequent proceedings. |
| 2 | 2016 arrest and conviction and June 2021 arrest | The government's motion to introduce evidence of Defendant's 2016 arrest and conviction and the June 2021 arrest is **GRANTED IN PART AND DENIED IN PART**. As set forth above, the government may introduce evidence of the June 2021 conduct and make a limited reference to an interaction with law enforcement, but not the arrest or related proceedings. With respect to the 2016 arrest and conviction for violation of California Penal Code § 29800(A)(1), the parties shall meet and confer and report to the Court at the further pretrial conference as to whether they can reach an appropriate stipulation. |
| 3 | Handwriting | The government's motion to admit evidence relevant to Defendant's handwriting is **GRANTED IN PART AND DENIED IN PART**. The government may introduce evidence regarding the three writings retrieved |

| | | |
|---|---|---|
| | | from Defendant's cell phone and vehicle, provided the government can lay foundation. The government may not introduce evidence that the writings are, in fact, Defendant's handwriting. |
| 4 | Prior convictions to establish one element of charge under 18 U.S.C. § 922(g) | The government's motion to admit evidence of prior convictions to prove an element of the 18 U.S.C. § 922(g) charge is **DENIED AS MOOT** because Defendant "will stipulate that he was convicted of a crime punishable by imprisonment for greater than one year allowing the government to satisfy one element of 18 U.S.C. § 922(g)" and that Defendant "has knowledge that he suffered a felony charge." ECF 116 at 22. The Court will address the parties' forthcoming proposal for an appropriate limiting instruction on the scope of the stipulation at the further pretrial conference. |
| 5 | Prior convictions and other bad acts as impeachment | The government's motion to admit Defendant's prior convictions and other bad acts for impeachment is **DENIED AS MOOT**. The parties do not anticipate that Defendant will testify at trial. *See* ECF 116 at 25. |
| 6 | References to punishment or jury nullification | The government's motion to preclude any reference by the defense to Defendant's potential punishment or jury nullification is **GRANTED AS UNOPPOSED**. *See* ECF 116 at 27. |
| 7 | Good faith basis for any *Henthorn* inquiry | The government's motion to require Defendant to proffer a good faith basis for any *Henthorn* inquiry is **DENIED AS MOOT** in light of the parties' representations that this is no longer an issue in dispute. |
| 8 | Physical evidence | The government's request to mark physical evidence – a AK-47 style mini-Draco handgun, 2 USPS packages, 1 Glock Model 21 Gen 4 .45 caliber handgun with 13-round magazine, one 13 round magazine and speed loader, one Glock Model 20 Gen 4 10mm caliber handgun with 15-round magazine, 1 FN Model Five-Seven 5.7x28mm pistol, 70 rounds of 5.7x28mm ammunition, and 10 rounds of .40 caliber ammunition – seized from the defendant as trial exhibits, bring them into the courtroom, and show them to the jury is **GRANTED**, provided the government lays foundation. The items are highly relevant to the charged offenses, as they are the actual items involved in the conduct giving rise to the charged offenses. Given the high relevance of these items, the Court does not find that the danger of undue prejudice substantially outweighs their probative value. The Court rejects Defendant's argument that high-quality photographs of these items are adequate substitutes for the physical objects themselves, for which Defendant cites no supporting caselaw. The Court notes that in his opposition, Defendant does not stipulate to the authenticity or relevance of the items at issue in this motion, which appears to be at odds with the trial stipulations submitted by the parties. The Court will take this up at the further pretrial conference. |
| 9 | Lay opinion testimony re | The government's motion to allow lay testimony from ATF Special Agent Andrew Balady about jargon, lingo, and slang terms related to firearms |

| | | |
|---|---|---|
| | firearms and firearms trafficking | and firearms trafficking is **GRANTED**. Given the knowledge he acquired as the primary case agent on this matter and the lead on the investigation since its inception in 2021, the clarification of the terminology used in Defendant's communications that Special Agent Balady will be able to provide does not rest on technical or specialized knowledge within the meaning of Federal Rule of Evidence 702, but only "familiarity with the subjects." *See United States v. Perez*, 962 F.3d 420, 437 (9th Cir. 2020) (finding that wiretapped conversations were "just the kind of 'ambiguous conversation[ ]' a lay witness with direct knowledge of an investigation – and, in this case, long hours spent listening to wiretaps and observing meetings – can clarify for the jury[.]") (internal quotations omitted; modifications in original).  His lay opinions, informed by his deep familiarity with the investigation and his review of many communications, will be helpful to the jury.  *See United States v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007) (noting that the Ninth Circuit "ha[s] previously held these requirements were met when a law enforcement investigator testified regarding his understanding of the meaning of a declarant's vague or ambiguous statements[]").<br><br>Defendant's request for a limiting instruction is **GRANTED,** subject to review of the parties' forthcoming proposed instruction, which the Court will address at the further pretrial conference. |
| 10 | Expert testimony from ATF Special Agent Christopher Bailey | The government's motion to qualify ATF Special Agent Christopher Bailey as an expert to testify:<br><br>- that the firearms and ammunition listed in the submitted exhibits are firearms as defined by 18 U.S.C. § 921(a)(3), ammunition as defined by 18 U.S.C. § 921(a)(17) and were shipped or transported in interstate and/or foreign commerce, and<br><br>- what is common or typical in the conduct of unlicensed firearms dealers, and whether it is his belief that Defendant's conduct is consistent with those common factors,<br><br>is **GRANTED**.  Special Agent Bailey has the requisite knowledge, skill, expertise training, and education to qualify as an expert on the topics identified above in light of his years of experience investigating unlawful firearms.  *See United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2509 (2023), and *cert. denied sub nom. Higuera v. United States*, 143 S. Ct. 2510 (2023) (concluding that officer and agent had sufficient specialized knowledge to testify as experts given their extensive training and experience with gang and drug investigations).<br><br>Special Agent Bailey's expertise will be helpful to the jury in understanding the evidence and determining the facts in issue, i.e., whether the firearms and ammunition at issue in this case meet the statutory definition, whether those firearms and ammunition have the markers he looks for to determine if those items travelled interstate, and |

whether the activity reflected in the case materials Special Agent Bailey has reviewed are typical of unlawful firearms dealers. *See U.S. v. Hankey*, 203 F.3d 1160, 1170 (9th Cir. 2000).

Special Agent Bailey has a sufficient factual basis for the opinions outlined above. He has personally inspected the firearms and ammunition in this case. *See* ECF 117 at 147. He has investigated firearms trafficking for years, is familiar with reference materials relied upon by industry experts and law enforcement, the records maintained by the ATF as part of its function to regulate the firearms industry, and the applicable statutory definitions regarding the topics about which he is expected to testify. *See id.* This is sufficient to satisfy Rule 702's requirement that Special Agent Bailey's testimony be "based on sufficient facts or data[.]" *See USA v. Allen*, No. 20-CR-00300-HSG-1, 2020 WL 6462392, at *8 (N.D. Cal. Nov. 3, 2020) (finding an agent's examination of the gun and ammunition, his training and experience, and his review of ATF records a sufficient factual basis for opinions about whether firearm and ammunition at issue in the case met the statutory definition and whether those items had traveled in interstate commerce).

Special Agent Bailey's reliance on his substantial training and experience is a reliable methodology. *See Holguin*, 51 F.4th at 857 (concluding that "the extensive and applicable experience of the government's experts reliably supported their testimony about gang and drug trafficking structure and activities and the meaning of expressions familiar from those contexts").

Moreover, Special Agent Bailey has reliably applied that methodology to the facts at issue in this case by analyzing the evidence identified in his report, *see* ECF 117 at 147, against the backdrop of his knowledge, training, and experience. *See Holguin*, 51 F.4th at 856 ( "[e]xperience alone is a reliable basis for the expert testimony regarding gang structure and activities as well as the meaning of familiar expressions[]").

With respect to the arguments Defendant raises in opposition,[1] the disclosure dated June 24, 2024, *see* ECF 117 at 140-153, is comprehensive and satisfies Federal Rule of Criminal Procedure 16(a)(1)(G). Defendant points to nothing in the record to support his contention that a notice provided on November 2, 2024 described Special Agent Bailey's opinions differently than in the briefing or that it otherwise deficient.

Defendant's argument that Special Agent Bailey should not be able to testify on the ultimate issue of law – i.e., whether Defendant was engaged in firearms trafficking or dealing firearms is moot. The government

---

[1] The Court does not reach Defendant's arguments about whether a Daubert hearing is necessary in light of Defendant's statement at the pretrial conference that it would not be needed given the government's representations regarding the scope of the anticipated testimony.

4

| | | |
|---|---|---|
| | | represents that "Special Agent Bailey will testify to what is common or typical in the conduct of unlicensed firearms dealers, and whether it is his belief that Defendant's conduct is consistent with those common factors." ECF 121 at 22. So framed, the scope of Special Agent Bailey's anticipated testimony is proper. *See Freeman*, 498 F.3d at 906-07 (finding no error where expert testified about how the defendant's "words and actions were consistent with the common practices of drug traffickers[,]" offered no opinion as to whether [the defendant] possessed the requisite criminal intent to possess and distribute cocaine, [and] instead described a common practice of those who do have such intent."). |
| 11 | Expert testimony from Special Agent Alexandra Bryant | The government's motion to admit expert testimony from Special Agent Alexandra Bryant on cell site location analysis is **DENIED AS MOOT** in light of the government's representation that it no longer seeks to offer her testimony. |

**IT IS SO ORDERED.**

Dated: January 13, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**