UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT EARL DAVIS,<br><br>　　　　Defendant. | Case No. 23-cr-00231-AMO-1<br><br>**ORDER RE DEFENDANT'S MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 119, 120, 121 |

Having held a pretrial conference in this matter on January 9, 2025, and heard oral argument on the parties' pending motions in limine, the Court resolves Defendant's motions in limine as set forth below.

| No. | Topic | Ruling |
|---|---|---|
| 1 | Other Acts | Defendant's motion to exclude evidence of other acts is **GRANTED IN PART AND DENIED IN PART**.  Evidence of the June 2021 firearm purchase and related conduct will be allowed but evidence of the related arrest and the trial proceedings is excluded for the reasons explained in the Court's ruling on the government's MIL No. 1. *See* ECF 149.<br><br>Evidence of Defendant's possession of a firearm and ammunition in Montara, California on June 9, 2024 is excluded, having been obtained in violation of the Fourth Amendment as explained in the November 14, 2024 order granting Defendant's motion to suppress.  *See* ECF 112.<br><br>Evidence of Mr. Davis's September 14, 2013 conviction for robbery under California Penal Code § 211 is excluded, as the government has not yet made a showing of relevance.  *See* ECF 119 at 8 (stating that "[t]he government also provided notice that it may move to admit evidence of Defendants 2013 conviction for robbery but has not yet moved to admit this evidence under Rule 404(b)(2).").<br><br>The Court **DEFERS RULING**[1] with respect to the exclusion of evidence |

---

[1] The Court's tentative indicated the motion would be **GRANTED** as to the 2016 conviction, but

| | | |
|---|---|---|
| | | of Defendant's June 13, 2016 conviction for felon in possession of a firearm, possession of a controlled substance with intent to sell, and burglary under California law, of which the felon in possession charge is the portion the government seeks to admit, pending the parties' meet and confer on a possible stipulation as discussed during the pretrial conference. |
| 2 | Motion to dismiss | The motion to dismiss, styled as Defendant's MIL No. 2, is **DENIED** because it is untimely. *See* Federal Rule of Criminal Procedure 12(c). If the Court were to reach the merits, it would deny the motion because *United States v. Duarte*, 101 F.4th 657 (9th Cir. May 9, 2024) has been vacated while the Ninth Circuit considers it en banc, *see* 108 F.4th 786 (9th Cir. July 17, 2024), and *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), the controlling precedent, requires denial. |
| 3 | Guilt assuming questions and hypotheticals | Defendant's motion to preclude the government from cross-examining defense witnesses with guilt assuming questions and hypotheticals is **GRANTED AS UNOPPOSED**. |
| 4 | Admission of materials not yet produced and notice under Federal Rule of Criminal Procedure 12(b)(4) | The Court **DEFERS RULING** on this motion to the extent it concerns materials not yet produced in discovery. *See* ECF 115. As fact discovery only recently closed on January 9, 2025, the Court will revisit this motion in limine at the further pretrial conference, provided the parties submit one-page briefs on any remaining issues by no later than **January 15, 2025**.[2] |
| 5 | Expert testimony from Special Agent Alexandra Bryant | Defendant's motion to exclude the expert testimony of Special Agent Alexandra Bryant is **DENIED AS MOOT** in light of the government's representation that it no longer seeks to offer her testimony. |
| 6 | Expert testimony from ATF Special Agent Christopher Bailey | Defendant's motion to exclude any expert opinion from Special Agent Bailey is **DENIED** for the reasons explained in the Court's ruling on the government's MIL No. 10. *See* ECF 149. |
| 7 | Sequestering witnesses | Defendant's motion to sequester witnesses except when testifying is **GRANTED IN PART**. Special Agent Balady will be permitted to remain in the courtroom in his capacity as the government's representative and the case agent. *See United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. |

---

that ruling is revised as set forth herein in light of the discussions at the pretrial conference.

[2] This is consistent with the other deadlines set at the pretrial conference, though the Court notes this specific deadline was not set during the pretrial conference on the record.

United States District Court
Northern District of California

| | | |
|---|---|---|
| | | 1987) (finding "no abuse of discretion" where the district court allowed "the government's investigating officer, . . . who testified as a witness, to sit at counsel table throughout the trial"); *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985) ("the district court did not abuse its discretion in allowing the case agent to remain at the prosecutor's table.") (citations omitted).  Special Agent Bailey will be permitted to stay in the courtroom in his capacity as the government's firearms trafficking expert.  *See United States v. Baras*, No. CR 11-00523 YGR, 2013 WL 6502846, at *4 (N.D. Cal. Dec. 11, 2013); *see also United States v. Ratfield*, 342 F. App'x 510, 512 (11th Cir. 2009) ("[t]he district court did not abuse its discretion in deciding to allow the two IRS agents to remain in the courtroom during trial.").  All other witnesses will be sequestered except when testifying.  *See* Fed. R. Evid. 615.  The Court will revisit this motion in limine at the further pretrial conference, provided the parties submit one-page briefs on any remaining issues by no later than **January 15, 2025**. |
| 8 | Grand Jury testimony | Defendant's motion for production of testimony before the Grand Jury is **GRANTED AS UNOPPOSED** as to witnesses who testified before the Grand Jury and will also testify at trial.  The motion is **DENIED** as to witnesses who will not be called to testify at trial because Defendant has provided no authority permitting the release of such transcripts as to those witnesses.  *See United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978) ("[T]he Government more than fulfilled its obligation by voluntarily furnishing prior statements, including grand jury testimony, of its anticipated witnesses well before the trial had even begun.").  As set forth on the record during the pretrial conference, the government's oral motion to disclose Grand Jury testimony from the witness set to testify at trial is **GRANTED**.  As discussed on the record, the government shall endeavor to produce the testimony to Defendant by no later than January 10, 2025. |
| 9 | Jury instructions | Defendant's motion to provide the jury with individual copies of jury instructions during deliberations is **GRANTED AS UNOPPOSED.** |
| 10 | Subpoenas | Defendant's motion to designate any released government witnesses under defense subpoena is **GRANTED AS UNOPPOSED.** |
| 11 | Vouching | Defendant's motion to preclude vouching is **GRANTED AS UNOPPOSED**. |
| 12 | Civilian clothing and restraints | Defendant's motion to permit Defendant to wear civilian clothing during trial free of restraints is **GRANTED AS UNOPPOSED**. |
| 13 | Charging document | This motion is **GRANTED AS UNOPPOSED**.  The charging document will not be read to the jury or provided to the jury during deliberations.  Defendant's request for a cautioning instruction is **GRANTED**, subject to review of the parties' forthcoming proposed instruction, which the Court will address at the further pretrial conference. |

3

| | | | |
|---|---|---|---|
| | 14 | *Voir dire* | Defendant's motion to permit *voir dire* by trial counsel is **GRANTED AS UNOPPOSED**. Both sides will be permitted to *voir dire* potential jurors. |
| | 15 | Redaction of recorded statements | The Court **DEFERS RULING** on Defendant's motion to redact any recorded statements of Defendant. The Court will take this issue up if and when Defendant identifies the specific statements that are the subject of this motion. Defendant **SHALL** identify any redactions it requests to the government no later than January 15, 2025 at noon. The government **SHALL** respond with any objections by January 16, 2025 at noon. The parties **SHALL** meet and confer, and **SHALL** email amocrd@cand.uscourts.gov no later January 17, 2025 at 9 a.m. about any disputes they want the Court to resolve at the further pretrial conference. |
| | 16 | Unconsious bias video | During their orientation, potential jurors in this district are shown a video which includes a portion which addresses unconscious bias. *See https://cand.uscourts.gov/jury/*. Defendant's motion to show jurors an unconscious bias video is **GRANTED** to that extent. The Court **DENIES** the request that the video be the one presented to jurors in the Western District of Washington, and notes that this district's video incorporates much of the Western District of Washington's video. |
| | 17 | Video or still images of children | The Court **DEFERS RULING** on Defendant's motion to exclude videos and still images of children. The Court will take this issue up as the record develops at trial. Defendant shall lodge a copy of the "list of videos and images" referenced as an attachment to the parties' briefing by no later than **January 13, 2025**. *See* ECF 121 at 25. |
| | 18 | Gang affiliation | In light of the government's representation that it "does not intend to seek to admit evidence of Davis's gang membership or affiliation in its case in chief, or of his intention to commit violent acts with guns," *see* ECF 121 at 31, Defendant's motion to preclude evidence of his alleged gang affiliation is **GRANTED**, subject to re-visiting if the defense opens the door to such evidence at trial. |
| | 19 | Evidence and reference to Promethazine syrup | In light of the government's representation that it "does not intend to admit any evidence of Defendant's use, possession, or sale of Promethazine or any other controlled substance, and to that extent does not oppose Defendant's motion," Defendant's motion to preclude evidence of Promethazine syrup is **GRANTED**, subject to re-visiting if the defense opens the door to such evidence at trial.<br><br>This ruling does not affect the government's ability to present evidence relating to a package, which contained Promethazine, which Defendant allegedly shipped on December 21, 2022, the same day he allegedly shipped a package from another post office that contained firearms, given the government's representation that it "does not intend to elicit testimony regarding the contents of the package." *See* ECF 121 at 31. |

| 20 | Evidence of third-party culpability | The Court **DEFERS RULING** on Defendant's motion to admit evidence of third-party culpability. The Court will take this issue up as the record develops at trial. |
|---|---|---|
| 21 | Defendant's criminal record | Defendant's motion to exclude references to Defendant's criminal history is **GRANTED**. The Court will revisit this ruling with respect to the 2016 California conviction for felon in possession of a firearm if the parties are unable to reach a stipulation with respect to that conviction as discussed during the pretrial conference. |
| 22 | Specific identification of Defendant's statements | Defendant's motion to compel the government to identify the specific statements it intends to introduce from Defendant's trial testimony in a 2023 Texas case for felon in possession is **DENIED AS MOOT**, as stated in the Court's ruling on the government's MIL No. 1, evidence of the Texas proceedings is excluded. |
| 23 | Instagram messages and videos | The Court **DEFERS RULING** on Defendant's motion to limit the number of Instagram messages and videos shown to the jury. The Court will take this issue up as the record develops at trial. |
| 24 | Leave to raise further issues | Defendant's request to raise additional issues at the motions in limine hearing, in which the government joins, *see* ECF 121 at 40, is **GRANTED IN PART AND DENIED IN PART**. The deadline for filing motions in limine was December 13, 2024. *See* ECF 113 at 2. No further motions in limine may be filed without first obtaining leave of Court. To the extent matters arise as trial approaches or during the course of trial, the parties shall follow the procedures set forth in the Pretrial Order. *See* ECF 113 at 5-6. |

**IT IS SO ORDERED.**

Dated: January 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**