1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,              Case No. 23-cr-00231-AMO-1

8                 Plaintiff,

9         v.                                **FURTHER ORDER RE MOTIONS IN
                                            LIMINE AND PRETRIAL MATTERS**
10   ROBERT EARL DAVIS,

11                Defendant.

12   **I.      MOTIONS IN LIMINE**

13           As discussed at the further pretrial conference held on January 17, 2025, the Court revisits

14   its rulings on the parties' previously filed motions in limine as set forth below.  The Court

15   additionally resolves the government's new motion in limine no. 12, ECF 154, as set forth below

16   in light of the parties' submission on January 27, 2025.  ECF 160.

17           **A.      Government's Motions in Limine**

18

| No. | Topic | Ruling |
|-----|-------|--------|
| 2 | 2016 arrest and conviction and June 2021 arrest | The Court's prior ruling, *see* ECF 149 at 1, is **MODIFIED AS FOLLOWS**: the government may introduce evidence of the 2016 conviction for the limited purposes of establishing willfulness in connection with Count 1 of the Second Superseding Indictment.  The Court adopts the parties' jointly proposed limiting instruction.  *See* ECF 160 at 3-5.  With the authorized purpose limited as set forth above and combined with the limiting instruction adopted by the Court, evidence of the 2016 conviction is more probative than prejudicial. |
| 4 | Prior convictions to establish one element of charge under 18 U.S.C. § 922(g) | The Court previously denied as moot the government's motion to admit evidence of prior convictions to prove an element of the 18 U.S.C. § 922(g) charge, *see* ECF 149 at 2, because Defendant had represented that he "w[ould] stipulate that he was convicted of a crime punishable by imprisonment for greater than one year allowing the government to satisfy one element of 18 U.S.C. § 922(g)" and that Defendant "has knowledge that he suffered a felony charge."  ECF 116 at 22.  That representation is consistent with the parties' trial stipulations, which state: "[t]he parties stipulate and agree that prior to August 24, 2020, Robert Davis had been |

| | | convicted of a felony crime punishable by imprisonment for greater than one year, and that prior to August 24, 2020, and continuing to December 22, 2021, Robert Davis knew that he had been convicted of a felony crime punishable by imprisonment for greater than one year." ECF 130 at 2.<br><br>Based on the discussions during the January 17, 2025 pretrial conference, the Court understands no stipulation was reached with respect to the 2016 conviction that is the subject of motion in limine no. 2 (above). However, it is unclear whether the failure to reach agreement on that conviction affects the stipulation the parties set forth in ECF 130. Accordingly, by no later than **noon on February 4, 2025,** the parties shall report to the Court on whether it is necessary to revisit the ruling made on this motion on January 13, 2025. If the stipulation set forth in ECF 130 remains in place, and the defense seeks any limiting instruction as to the effect of that stipulation, the parties' competing proposals on that instruction or any agreed proposal must be filed by **noon on February 4, 2025.** |
|---|---|---|
| 8 | Physical evidence | The Court's prior ruling, *see* ECF 149 at 2, remains unchanged. In light of the discussions at the further pretrial conference, the Court understands that there are no live issues with respect to this motion and no further order is necessary. |
| 9 | Lay opinion testimony re firearms and firearms trafficking | The Court's prior ruling, ECF 149 at 3, is **MODIFIED AS FOLLOWS**: the Court adopts the jointly proposed limited instruction. *See* ECF 160 at 4. |
| 12 | Public records and business records | The government's motion to admit certain public records and business records is **DENIED AS MOOT** with respect to the ATF blue ribbon document, the ATF form 4473 dated October 2, 2020, and the certified DMV record for Gerrid Patterson in light of the defense's agreement that it will not object on the basis of hearsay or authenticity. *See* ECF 160 at 2. To the extent the government plans to amend its witness list to identify a sponsoring witness for these documents, it must file its amended witness list by no later than **noon on February 4, 2025.**<br><br>This motion is also **DENIED AS MOOT** with respect to the certified inmate identification sheet for Gerrid Patterson given the government's representation that it intends to seek admission of a certified DMV record in lieu of the innate identification sheet. *See* ECF 160 at 2 n.1<br><br>The motion is **GRANTED** with respect to the San Joaquin County conviction record for Defendant dated October 2016 (Trial Exhibit 7) for the limited purpose of establishing willfulness in connection with Count 1 of the Second Superseding Indictment and subject to the parties' jointly proposed limiting instruction, *see* ECF 160 at 3-5, which the Court will adopt. With the authorized purpose limited as set forth above and combined with the limiting instruction adopted by the Court, the record of the 2016 conviction is more probative than prejudicial. The certified record of conviction is signed and sealed by the state court clerk and is |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| | | thus self-authenticating under Federal Rule of Evidence 902(4) and admissible under the public records exception pursuant to Federal Rules of Evidence 803(8).<br><br>The motion is **DENIED** with respect to the USPS database record regarding Defendant's customer account information.  The document does not fall within the business records exception set forth in Federal Rule of Evidence 803(6) for lack of a showing that the information contained within the record was provided by someone acting under a duty to accurately report.  *See Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981) ("Hearsay in business records is not specifically excludable.  However, hearsay statements are admissible only if the observer or participant in furnishing the information to be recorded was acting routinely, under a duty of accuracy, with employer reliance on the result, or in short in the regular course of business.") (internal quotations and citations omitted).<br><br>The Court notes that the defense did not file any further response or objections regarding this motion by the January 27, 2025 deadline set by the Court. |

## B.    Defendant's Motions in Limine

| No. | Topic | Ruling |
|---|---|---|
| 1 | Other Acts | The Court's prior ruling, *see* ECF 150 at 2, is **MODIFIED AS FOLLOWS**: The motion is now **DENIED** with respect to the 2016 arrest and conviction for violation of California Penal Code § 29800(A)(1).  The government may introduce evidence of the conviction for the limited purposes of establishing willfulness in connection with Count 1 of the Second Superseding Indictment.  The Court adopts the parties' proposed limiting instruction.  *See* ECF 160 at 3-5.  With the authorized purpose limited as set forth above and combined with the limiting instruction adopted by the Court, evidence of the 2016 conviction is more probative than prejudicial. |
| 4 | Admission of materials not yet produced and notice under Federal Rule of Criminal Procedure 12(b)(4) | The Court set January 15, 2025 as the deadline for the parties to submit one-page briefs on any remaining issues.  *See* ECF 150 at 2.  No briefing was submitted by that deadline and given the parties' representations at the January 17, 2025 further pretrial conference, the Court understands that there are no live issues in need of resolution.  Accordingly, this motion is **DENIED AS MOOT**. |
| 7 | Sequestering witnesses | The Court's prior ruling, ECF 150 at 2, is **MODIFIED AS FOLLOWS**: Special Agent Bailey may only sit in the gallery and not at counsel table. |
| 15 | Redaction of recorded statements | This motion is **DENIED AS MOOT** in light of the parties' representations that the defense has proposed redactions, and the government agrees to apply them. |

| 17 | Video or still images of children | The Court previously directed "Defendant [to] lodge a copy of the 'list of videos and images' referenced as an attachment to the parties' briefing by no later than January 13, 2025." *See* ECF 150 at 4.  The Court has not received that list and will resolve this motion based on the government exhibits the defendant identified at the January 17, 2025 further pretrial conference, i.e., government exhibits 38, 138, 141, 144, 156, 158, 161, 166, 168, 171, 185.  The Court will issue a ruling on these exhibits once the government lodges them in an accessible electronic format. |
|----|----|----|
| 21 | Defendant's criminal record | Defendant's motion to exclude references to Defendant's criminal history, which the Court previously **GRANTED**, *see* ECF 150 at 5, is now **GRANTED IN PART AND DENIED IN PART**.   The government may introduce evidence of the 2016 conviction as set forth in the Court's ruling on the government's motion in limine nos. 2 and 12 and the defendant's motion in limine no. 1. |

## II.    JURY INSTRUCTIONS

The Court will adopt proposed jury instruction no. 12 (option 1 only).  The Court understands that the parties do not seek to have it question the jurors daily, so the Court will not adopt the portion of jury instruction no. 15 that reads: "[t]o ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental."  *See* ECF 131 at 25.  The Court had directed the parties to submit a limiting instruction addressing the charging document as discussed in connection with Defendant's motion in limine no. 13.  *See* ECF 148 at 2-3.  At the January 17, 2025 further pretrial conference, the parties indicated the language in proposed jury instruction no. 2 that states "[t]he indictment is not evidence and does not prove anything[,]" which will be adopted by the Court, is sufficient.  The Court adopts the parties' revised instructions nos. 5 and 35.  *See* ECF 153 at 2.  The Court additionally adopts limiting instructions as set forth in Section I.

The charging conference is tentatively set for Tuesday, February 11, 2025 following the conclusion of the trial day.

///

///

///

///

///

United States District Court
Northern District of California

III.    **STIPULATIONS**

Any stipulations the parties would like the Court to read to the jury must be emailed to the Courtroom Deputy, Alexis Solorzano-Rodriguez, at amocrd@cand.uscourts.gov, 24 hours prior, with a note indicating when any specific stipulation should be read to the jury.

**IT IS SO ORDERED.**

Dated: February 3, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**